UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 25-02729-MWF (JCx)                                   **Date:**  July 29, 2025
**Title:**      Antonio S Nieves v. Centerra Integrated Fleet Services, LLC

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**      ORDER DENYING PLAINTIFF'S MOTION TO REMAND [16]

Before the Court is a Motion to Remand the Action to State Court (the "Motion"), filed by Plaintiff Antonio S. Nieves on June 18, 2025.  (Docket No. 16).  Defendant Centerra Integrated Fleet Services, LLC filed an Opposition on June 30, 2025.  (Docket No. 18).  Plaintiff filed an untimely Reply on July 16, 2025.  (Docket No. 21).

The Court has read and considered the papers filed on the Motion and held a hearing on **July 28, 2025**.

For the reasons set forth below, the Motion is **DENIED**.  A reasonable reading of the Complaint puts more than $5,000,000 in controversy.

**I.     BACKGROUND**

Plaintiff initiated this action in Los Angeles County Superior Court on February 18, 2025.  (Docket No. 1-1 ("Complaint")).  Plaintiff brings several causes of action for Defendant's alleged failure to comply with California labor law.

On March 28, 2025, Defendant removed this action by invoking the Court's jurisdiction under the Class Action Fairness Act ("CAFA").  (*See generally* Notice of Removal ("NOR") (Docket No. 1)).  In support of the NOR, Defendant submitted the Declaration of Mary Barr ("Barr Decl."), (Docket No. 4), the Director of Payroll for Constellis, LLC, which is part of Defendant's family of companies.  (Barr Decl. ¶ 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-02729-MWF (JCx)                          Date:  July 29, 2025
Title:     Antonio S Nieves v. Centerra Integrated Fleet Services, LLC

Based on the Complaint and a review of Defendant's business, payroll, and personnel records, Barr stated that Defendant employed "504 California Employees" from February 18, 2021, through February 23, 2025.  (*Id.* ¶ 8(b)).  During the four-year period, Barr stated the 504 employees worked "an aggregate total of 171,790 workdays" for an average hourly pay of "$25.93 per hour."  (*Id.*).

The NOR analyzes each of Plaintiff's causes of action and attempts to reasonably calculate the amount in controversy.  (*See generally* NOR.)

First, Plaintiff alleges that Defendant failed to pay wages for all hours worked at the legal minimum wage in violation of California Labor Code sections 510 and 1194.  (*Id.* ¶¶ 13–17).  Specifically, Plaintiff alleges that Defendant had "policies, practices, and/or procedures" of "rounding down" total daily hours to the nearest quarter of an hour.  (*Id.* ¶ 15).  This resulted in Defendant's "failure to pay minimum wage for all the hours Plaintiff and similarly situated employees worked."  (*Id.* ¶ 16).

Second, Plaintiff alleges that Defendant failed to pay overtime wages in violation of California Labor Code sections 510 and 1194.  (Complaint ¶¶ 18–23).  Plaintiff similarly alleges that Defendant had "policies, practices, and/or procedures" of "rounding down" total daily hours to the nearest quarter of an hour.  (*Id.* ¶ 20).  Defendant's policy resulted in a failure "to pay Plaintiff and similarly situated employees at their overtime rate of pay for all overtime hours worked."  (*Id.* ¶ 23).

In the NOR, Defendant consolidated its analysis of these two causes of action and estimated that plaintiff and each of the putative class members would have worked at least six minutes of unpaid overtime per day.  (NOR ¶¶ 29–30).  Based on this calculation, Defendant argues that Plaintiffs' First and Second Causes of Action puts $668,263.10 in controversy.  (*Id.* ¶ 30).

Third, Plaintiff brings a cause of action for Defendant's alleged failure to permit meal periods in violation of California Labor Code sections 512 and 226.7.  (Complaint ¶¶ 24–28).  Plaintiff alleges that Defendant employed "policies, practices, and/or procedures" of "rounding down" total daily hours for meal breaks to the nearest quarter of an hour.  (*Id.* ¶ 26).  Moreover, Defendant allegedly failed to pay Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-02729-MWF (JCx)             **Date:** July 29, 2025
**Title:**     Antonio S Nieves v. Centerra Integrated Fleet Services, LLC

and similarly situated employees "a meal period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant meal periods." (*Id.* ¶ 27).

On the basis of these allegations, Defendant assumed a 50% violation rate, which results in a total amount of $2,227,257.35 for Plaintiff's Third Cause of Action. (NOR ¶¶ 33–34).

Fourth, Plaintiff brings a cause of action for Defendant's alleged failure to authorize or permit rest periods, in violation of California Labor Code section 226.7. (Complaint ¶¶ 72–79). Plaintiff makes nearly identical allegations here—that Defendant is liable for "one (1) hour of additional pay at the regular rate of compensation for each workday that Defendant[] did not provide all legally required and legally compliant rest periods." (*Id.* ¶ 78). To support the allegation, Plaintiff contends that Defendant "lacked a policy and procedure for compensating Plaintiff and the [putative class] with premium wages when they did not receive all legally required and legally compliant rest periods." (*Id.* ¶ 76).

On the basis of these allegations, Defendant assumed a 30% violation rate, which results in a total amount of $1,336,354.41 for Plaintiffs' Fourth Cause of Action. (NOR ¶¶ 36–37).

Fifth, Plaintiff brings a cause of action for Defendant's alleged failure to indemnify employees for employment-related losses in violation of California Labor Code section 2802. (Complaint ¶¶ 34–38). Defendant did not factor this claim into its amount in controversy estimate. (*See generally* NOR).

Sixth, Plaintiff brings a cause of action for Defendant's alleged failure to provide complete and accurate wage statements in violation of Labor Code section 226. (Complaint ¶¶ 147–56). Plaintiff states that this claim is derivative of his other claims, and that Defendant's "failure to include all hours worked and all wages due" resulted in inaccurate wage statements. (*Id.* ¶¶ 150, 152).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 25-02729-MWF (JCx) | **Date:** July 29, 2025 |
| **Title:** Antonio S Nieves v. Centerra Integrated Fleet Services, LLC | |

On the basis of these allegations, Defendant assumed a 100% violation rate, which results in a total amount of $501,500 for Plaintiffs' Sixth Cause of Action. (NOR ¶¶ 41–42).

Seventh, Plaintiff brings a cause of action for Defendant's alleged failure to timely pay all wages owed on separation of employment in violation of California Labor Code sections 201, 202, and 203. (Complaint ¶¶ 157–66). Plaintiff alleges that Defendant had a "policy or practice of not paying hourly employees all earned wages timely upon separation of employment." (*Id.* ¶ 160). Specifically, Plaintiff alleges, pursuant to the allegations described above, that Defendant failed to pay "at least minimum wage for all time worked, overtime wages for all overtime hours worked, meal period premium wages, and/or rest period premium wages." (*Id.* ¶ 161). Plaintiff alleges that he and members of the putative class are "entitled to continuation of their wages, from the day their earned and unpaid wages were due until paid, up to a maximum of thirty (30) days." (*Id.* ¶ 163).

On the basis of these allegations, Defendant argues that Plaintiff does not allege that the class members "were ever properly paid full and complete final wages, thus entitling Defendant to assume the maximum 30 days' penalty for each [putative class member]." (NOR ¶ 44). Using the numbers given by Barr and a three-year statute of limitations period, Defendant calculated the amount in controversy from the seventh cause of action as follows: $25.61 hourly pay * 8 hours worked per day * 30 days maximum * 168 putative class members = $1,032,595.20. (*Id.* ¶ 45).

Eighth, Plaintiff brings a cause of action for unfair business practices in violation of Business and Professions Code sections 17200, *et seq*. (Complaint ¶¶ 167–170). Defendant did not factor this claim into its amount in controversy estimate. (*See generally* NOR).

The above describes all of the claims brought by Plaintiff on behalf of himself and the putative class. (*See generally* Complaint). Defendant also argues that Plaintiff may attempt to seek attorneys' fees in this action, and that 25% of the amount in controversy is a reasonable estimate of the amount placed in controversy by the prospect of Plaintiff's attorneys' fees. (NOR ¶¶ 46–48).

| | |
|---|---|
| **CIVIL MINUTES—GENERAL** | 4 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-02729-MWF (JCx)                                    Date:  July 29, 2025
Title:     Antonio S Nieves v. Centerra Integrated Fleet Services, LLC

In sum, Defendant estimated that **$7,207,462.58** was placed in controversy in this matter across all of Plaintiff's claims and the possibility of his attorneys' fees. (*Id.* ¶ 49).

| Cause of Action | Amount in Controversy |
|---|---|
| Failure to Pay All Hours Worked and Overtime (First and Second Causes of Action) | $668,263.10 |
| Failure to Provide Meal Periods (Third Cause of Action) | $2,227,257.35 |
| Failure to Provide Rest Breaks (Fourth Cause of Action) | $1,336,354.41 |
| Failure to Provide Accurate Wage Statements (Sixth Cause of Action) | $501,500.00 |
| Failure to Timely Pay All Wages (Seventh Cause of Action) | $1,032,595.20 |
| Attorneys' Fees | $1,441,492.52 |
| Total | $7,207,462.58 |

Plaintiff now seeks to remand, claiming that the amount in controversy does not meet the $5,000,000 threshold set forth by CAFA. (Motion at 5).

II.     **LEGAL STANDARD**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a). To that end, "Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Specifically, "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-02729-MWF (JCx)**                                         **Date:  July 29, 2025**
**Title:**       Antonio S Nieves v. Centerra Integrated Fleet Services, LLC

2015) (citing 28 U.S.C. § 1332(d)).  The Supreme Court has held that there is "no presumption against removal jurisdiction [under CAFA]."  *Allen v. Boeing Co.*, 784 F.3d 625, 633 (9th Cir. 2015) (citing *Dart Cherokee*, 574 U.S. at 89).  In fact, CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."  *Dart Cherokee*, 574 U.S. at 89 (quoting S.Rep. No. 109–14, p. 43 (2005)).

"In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citation omitted).  Therefore, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."  *Id.* (emphasis in original) (citations omitted).  When removing a class action to federal court, a defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee*, 574 U.S. at 89.  If the allegation is disputed, then the defendant "bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $5 million."  *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025) (citing *Ibarra*, 775 F.3d at 1199).

A defendant is permitted to rely on a "chain of reasoning that includes assumptions" to calculate the amount in controversy.  *Ibarra*, 775 F.3d at 1199.  "While 'those assumptions cannot be pulled from thin air,' they can be 'founded on the allegations of the complaint' and do not necessarily need to be supported by evidence."  *Perez*, 131 F.4th at 808 (quoting *Ibarra*, 775 F.3d at 1199; *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019)).  "The district court's task is simply to determine if the defendant's 'reasoning and underlying assumptions are reasonable.'"  *Id.* (quoting *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022)).  "[A]n assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite . . . amount.'"  *Id.* at 810 (omission in original) (quoting *Arias*, 936 F.3d at 927).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 25-02729-MWF (JCx) | Date: July 29, 2025 |
| Title: Antonio S Nieves v. Centerra Integrated Fleet Services, LLC | |

## III. ANALYSIS

Two out of the three jurisdictional requirements are uncontested. **First**, the size of the putative class exceeds 100 people. (Barr Decl. ¶ 2). **Second**, there is minimal diversity of citizenship: Plaintiff is a citizen of California and Defendant is organized under the laws of Delaware and has its principal place of business in Virginia. (NOR ¶¶ 14–15).

Plaintiff argues that this action should be remanded because the $5,000,000 amount in controversy threshold is not met. (*See generally* Motion). Defendants submit no evidence of the true violation rates, so the Court must determine whether Defendants' assumptions are reasonable in light of the allegations in the Complaint. *Perez*, 131 F.4th at 807.

### A. Untimely Filing of Reply

As a threshold issue, Defendant argues that the Court should strike the Reply because it was untimely filed. (Defendant's Notice of Plaintiff's Failure to Timely File Any Reply (Docket No. 20) at 4). Defendant further argues that the failure to file a timely Reply should be deemed a concession that the arguments in the Opposition are meritorious. (*Id.* at 2). The Court notes, however, that replies are not actually required by the Local Rules, so there is no basis to deem the arguments conceded. Local Rule 7-15 ("A moving party *may* . . . serve and file a reply memorandum." (emphasis added)).

More significantly, the Court perceives little prejudice to Defendant in considering the Reply. Defendant is not required to file a written response to the Reply, and it had sufficient time prior to the hearing to review and respond to the arguments raised therein. The Court will thus consider the arguments made in the Reply. However, Plaintiff is warned that any future noncompliance with the Local Rules or this Court's procedures may not be similarly entertained.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-02729-MWF (JCx)                               Date:  July 29, 2025
Title:     Antonio S Nieves v. Centerra Integrated Fleet Services, LLC

### B. Meal Period and Rest Break Violations (Third and Fourth Cause of Action)

Given the similarities between the allegations supporting Plaintiff's Third and Fourth Causes of Action, the parties raise the same arguments as to both claims.

As explained above, Defendant assumed a 50% violation rate for the meal period claim and a 30% violation rate for the rest break claim.  Defendant's assumptions rest broadly on Plaintiff's allegations that its "policies, practices and/or procedures", or lack thereof, resulted in missed breaks and the failure to pay the attendant premiums for these periods.  Specifically, Defendant's calculation of Plaintiff's Third Cause of Action is as follows:  $25.93 hourly pay * 0.5 violation rate * 171,790 total workdays = **$2,227,257.35**.  (NOR ¶ 34).  And Defendant's calculation of Plaintiff's Fourth Cause of Action is as follows: $25.93 hourly pay * 0.3 violation rate * 171,790 total workdays = **$1,336,354.41**.  (*Id.* ¶ 37).

Plaintiff argues that Defendant's 50% and 30% violation rates are an over-estimation because "Defendant ignore[s] the portions of Plaintiff's Complaint which make clear that not every meal and rest period for every employee was necessarily missed." (Motion at 13–14).

While it may be unreasonable to estimate a 100% violation rate based on the language in the Complaint—although courts have indeed held that a 100% violation rate is reasonable under similar circumstances—Defendant does not use that rate here. *Elizarraz v. United Rentals, Inc.*, No. CV 18-09533-ODW (JCx), 2019 WL 1553664, at *3 (C.D. Cal. Apr. 9, 2019) ("Numerous courts have found a 100% violation rate reasonable."). And, notably, "[m]any courts . . . have [] found the conservative violation rate of 50% proper" when confronted with similar allegations.  *Id.* at *4 (collecting cases).

Moreover, Plaintiff does not suggest an alternative estimation of the amount put in controversy by these causes of action.  (*See generally* Motion).  As the Ninth Circuit recently explained in *Perez*, it may be true that the language in the complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 25-02729-MWF (JCx) | Date:  July 29, 2025 |
| Title:     Antonio S Nieves v. Centerra Integrated Fleet Services, LLC | |

could support a lower violation rate as easily as it could support the violation rate that Rose Hills assumed. But that does not automatically render the rate assumed by Rose Hills unreasonable. And if Perez believed that some other assumption would have been more reasonable, she was free to propose that rate. (She was also free to use some more specific phras[ing] . . . when drafting the complaint; had she done so, she could have constrained the range of assumptions that Rose Hills could reasonably adopt.) The district court could then have weighed the evidence and arguments in deciding which assumption was more appropriate.

131 F.4th at 810.

Contrary to Plaintiff's arguments, "[w]hen challenging a defendant's assumption, an opposing party may not merely state the assumption is unreasonable; instead, the opposing party should posit an alternative assumption 'grounded in real evidence, such as an affidavit [by an aggrieved party].'" *Martin v. United Rentals (N. Am.), Inc.*, No. 3:25-CV-02041-JSC, 2025 WL 1554333, at *3 (N.D. Cal. June 2, 2025) (alteration in original) (quoting *Ibarra*, 775 F.3d at 1199). Here, Plaintiff does not set forth another possible violation rate, and courts within this district have found that Defendant's violation rates are not unreasonable. *See Perez*, 131 F.4th at 809 ("[A]n assumption is not unreasonable simply because another equally valid assumption may exist.").

Accordingly, Defendant's estimation that Plaintiff's Third and Fourth Causes of Action places **$3,563,611.76** in controversy is reasonable.

### C.  Wage Statement Violations and Waiting Time Penalties (Sixth and Seventh Causes of Action)

Plaintiff's Sixth Cause of Action is premised on Defendant's alleged failure to provide complete and accurate wage statements in violation of Labor Code section 226. (Complaint ¶¶ 147–56). Plaintiff states that this claim is derivative of his other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-02729-MWF (JCx)                                Date:  July 29, 2025
Title:     Antonio S Nieves v. Centerra Integrated Fleet Services, LLC

claims, and that Defendant's "failure to include all hours worked and all wages due" resulted in inaccurate wage statements.  (*Id.* ¶¶ 150, 152).

Defendant cites California Labor Code section 226 for the proposition that the appropriate rate of recovery is $50 per employee for the first wage statement in which a violation occurred (as to that employee) and $100 per employee for each subsequent violation, in an amount not to exceed $4,000 per employee.  (NOR ¶ 40) (citing Cal. Labor Code § 226(e)).  From Plaintiff's allegations of Defendant's "practices which deprived employees of wages and resulted in Defendant[] knowingly and intentionally providing inaccurate wage statements," (Complaint ¶ 152), Defendant assumed a 100% violation rate, (NOR ¶ 41–42).  Accordingly, based on the 5,136 wage statements reported by Barr and a one-year statute of limitations period, Defendant calculated the amount in controversy as follows:  ($50 initial violation rate * 242 employees) + ($100 subsequent violation rate * 4,894 remaining wage statements) = **$501,500.00**.  (NOR ¶ 42).

Plaintiff's Seventh Cause of Action is premised on Defendant's alleged failure to timely pay all wages owed on separation of employment in violation of California Labor Code sections 201, 202, and 203.  (Complaint ¶¶ 157–66).  The violations are a result of a "policy or practice of not paying hourly employees all earned wages timely upon separation of employment."  (*Id.* ¶ 160).

In the NOR, Defendant argues that Plaintiff does not allege that the class members "were ever properly paid full and complete final wages, thus entitling Defendant to assume the maximum 30 days' penalty for each [putative class member]."  (NOR ¶ 44).   Using the numbers given by Barr and a three-year statute of limitations period, Defendant calculated the amount in controversy from the Seventh Cause of Action as follows:  $25.61 hourly pay * 8 hours worked per day * 30 days maximum * 168 putative class members = **$1,032,595.20**.  (*Id.* ¶ 45).

Plaintiff argues that there is no basis for Defendant to use a 100% violation rate because it is unreasonable to assume all employees experienced all wage statement violations and are eligible for waiting time penalties.  (Motion at 15).

**CIVIL MINUTES—GENERAL**                                                                    10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-02729-MWF (JCx)                              Date:  July 29, 2025
Title:       Antonio S Nieves v. Centerra Integrated Fleet Services, LLC

However, this Court, and other courts within this circuit, have repeatedly found it "appropriate for Defendant to assume a 100% violation rate as to the derivative wage statement and waiting time claims." *Mendieta v. Williams Scotsman*, No. CV 24-02090-MWF (SPx), 2025 WL 104095, at *5 (C.D. Cal. Jan. 15, 2025) (citations omitted); *Mackall v. Healthsource Glob. Staffing, Inc.*, No. 16-cv-03810-WHO, 2016 WL 4579099, at *6 (N.D. Cal. Sept. 2, 2016) (noting "allegations of willful failure to timely pay final wages (based on alleged overtime and meal and rest break violations) were sufficient to support estimations of waiting time penalties at a 100% rate") (citations omitted); *Mayorga v. Evans Food Grp. Ltd.*, No. CV 24-05584-DSF (MAAx), 2024 WL 4003514, at *3–*5 (C.D. Cal. Aug. 30, 2024) (concluding a 100% violation rate for wage statement and waiting time penalties was not unreasonable because, if the plaintiff could prove that the defendant failed to pay all meal and rest period premiums, overtime wages, and minimum wage for all hours worked, "it would logically follow that [the defendant] failed to pay all wages owed," that "the vast majority (if not all) of the alleged violations . . . would have happened more than 30 days before the suit was filed," and the defendant "would have failed to issue accurate wage statements showing all hours worked").

Accordingly, Defendant's estimation that Plaintiff's Sixth and Seventh Causes of Action places **$1,534,095.20** in controversy is reasonable.

### D. Unpaid Hours and Overtime Violations (First and Second Causes of Action)

Next, Plaintiff brings a cause of action for Defendant's alleged failure to pay for all hours worked at legal minimum wage in violation of California Labor Code sections 1194 and 1197, (Complaint ¶¶ 45–52), and failure to pay overtime wages in violation of California Labor Code sections 510 and 1194, (*id.* ¶¶ 53–63).  Plaintiff alleges that employees "worked more minutes per shift than Defendant[] credited them with having worked." (*Id.* ¶ 15).  Plaintiff further alleges that Defendant's "employed policies, practices, and/or procedures" resulted in a "failure to pay minimum wage for all the hours . . . worked," and "all the overtime hours they worked." (*Id.* ¶¶ 48, 50, 61).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-02729-MWF (JCx)**                                                    **Date:  July 29, 2025**
**Title:**      Antonio S Nieves v. Centerra Integrated Fleet Services, LLC

From the above language, Defendant estimated that each of the putative class members "will claim to have worked at least ***six minutes*** [of] unpaid overtime minutes per day during the 4-Year [statute of limitations] Period." (NOR ¶ 29 (emphasis in original)).  According to Defendant, the amount in controversy from the first two causes of action should be calculated as follows:  ($25.93 hourly pay * 1.5 overtime rate) * 171,790 total workdays * 0.1 unpaid overtime hours per day = **$668,263.10**. (*Id.* at 11).

Plaintiff argues that there is no rationale for Defendant's assumption that each of the 504 employees experienced violations on a per shift basis.  (Motion at 12).  The Court agrees and is skeptical that the language of the Complaint warrants Defendant's assumption that there was six minutes of unpaid overtime per workday for every single employee during the four-year statute of limitations period.  (Opposition at 10)

That being said, the Court is aware of inconsistent outcomes in calculating the amount in controversy relating to unpaid hours and overtime causes of action.  *See Mayorga*, 2024 WL 4003514, at *5 (finding it reasonable to assume "one hour of unpaid overtime per employee per week"); *cf. Calderon v. Bio-Med. Applications of Mission Hills, Inc.*, No. CV 23-03382-MEMF (MRWx), 2023 WL 6130524, at *4, *6 (C.D. Cal. Sept. 18, 2023) (finding it unreasonable to assume "75% of employees suffered overtime violations" with an "average frequency [of] one hour of overtime every two weeks (.5 per week)").

Nevertheless, the $5,000,000 threshold is already met when considering Plaintiff's Third, Fourth, Sixth, and Seventh Causes of Action alone.  (*See generally* Motion).  While the Court does not believe that the amount placed in controversy by Plaintiff's First and Second Causes of Action should be valued at $0 for CAFA jurisdiction purposes, the Court will not factor this cause of action into its analysis because it is immaterial at this point.

### E. Attorneys' Fees

Defendant also argues that Plaintiff may attempt to seek attorneys' fees in this action, and that 25% of the amount in controversy is a reasonable estimate of the

**CIVIL MINUTES—GENERAL**                                                                                                    12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 25-02729-MWF (JCx) | Date:  July 29, 2025 |
| Title:      Antonio S Nieves v. Centerra Integrated Fleet Services, LLC | |

amount placed in controversy by the prospect of Plaintiff's attorneys' fees. (NOR ¶ 48). Therefore, Defendant estimates that $1,441,492.52 is placed in controversy by Plaintiff's attorneys' fees. (*Id.*). Because the Court has disregarded the First and Second Causes of Action for purposes of determining the amount in controversy, however, the amount of attorneys' fees would be adjusted slightly to **$1,274,426.74**.

Plaintiff claims that Defendant's calculation of 25% attorneys' fees is unreasonable because the Ninth Circuit "expressly declined to calculate attorney fees at 25% as a *per se* rule." (Motion at 15). As this Court has previously explained, however, the Ninth Circuit's rejection of a per se rule does not render the rate unreasonable. *See Mendieta*, 2025 WL 104095, at *4. Rather, this Court and several other courts in this circuit have concluded "a 25% attorneys' fee is a proper and commonly used benchmark." *Id.*; *Barcia v. Contain-A-Way, Inc.*, No. 07cv938-IEG-JMA, 2009 WL 587844, at *6 (S.D. Cal. Mar. 6, 2009) (collecting overtime class actions in which a 25% fee was awarded); *Kearney v. Hyundai Motor Am.*, No. CV 09-01928-JST (MLGx), 2012 WL 13049699, at *11 (C.D. Cal. Dec. 17, 2012) ("In the Ninth Circuit, the benchmark for fees is 25% of the common fund.").

Using the $5,097,706.96 amount in controversy from only the Third, Fourth, Sixth, and Seventh causes of action, 25% attorneys' fees will bring the total amount in controversy to at least **$6,372,133.70**.

### F.     Related Case Liability

Lastly, Plaintiff argues that a related putative class action against Defendant—*Ramiro Lamas v. Centerra Group, LLC*, CV No. 23-02974-MWF (JCx)—limits the liability period and therefore, the reduced period should be reflected in Defendant's calculations. The parties in *Lamas* have reached a preliminary settlement, which is currently pending final approval in the Superior Court of California for the County of Sacramento. Therefore, Plaintiff alternatively argues that the Court's decision regarding remand should be stayed until the settlement in *Lamas* has been finalized.

Although Plaintiff cited to no authority supporting his arguments, Plaintiff's counsel pointed to the following two cases at the hearing:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 25-02729-MWF (JCx) | Date:  July 29, 2025 |
| Title: Antonio S Nieves v. Centerra Integrated Fleet Services, LLC | |

*Woolsey v. State Farm Gen. Ins. Co.*, 672 F. Supp. 3d 1018, 1025 (C.D. Cal. 2023); and *Fawcett v. Ford Motor Co.*, CV 23-1443-SP, 2023 WL 6161030, at *1 (C.D. Cal. Sept. 21, 2023).

*Woolsey* and *Fawcett*, however, dealt with a district court's consideration of pre-litigation demand letters when determining the amount in controversy.  In *Woolsey*, the demand letter contained "detailed calculations" and a spreadsheet of the plaintiff's estimated damages such that the court deemed it "summary-judgement-type evidence" probative of the damages alleged in the complaint.  *Woolsey v. State Farm Gen. Ins. Co.*, 672 F. Supp. 3d 1018, 1026 (C.D. Cal. 2023).  And in *Fawcett*, the district court simply cited to *Woolsey* for the proposition that the demand letter could serve as an alternative basis from which to conclude that the jurisdictional threshold had been established.  *Fawcett*, 2023 WL 6161030, at *4.  Again, Plaintiff provides no support for the contention that Defendant's preliminary settlement of a different class action limits the amount in controversy or otherwise requires a stay of this action.

Instead, the Court finds the Ninth Circuit's decision in *Arias* instructive.  936 F.3d at 928–29.  In *Arias*, the plaintiff argued that the amount in controversy was limited because some of her claims may be barred by a release from a prior class action.  *Id.* at 928.  Rejecting this argument, the court explained that "it is well settled that post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing . . ." and, critically, the plaintiff's "argument conflate[d] the amount in controversy with the amount of damages ultimately recoverable."  *Id.* at 928 (cleaned up) (internal citations omitted); *see also Sanchez v. DSV Sols.*, LLC, No. EDCV 23-1112-PA (SPx), 2023 WL 5277889, at *3 (C.D. Cal. Aug. 15, 2023) (rejecting "Plaintiff's suggestion that [] Defendant's settlement of a different wage and hour class action limits Plaintiff's class period such that Defendant's amount in controversy calculations, tied to the class period alleged in Plaintiff's Complaint, must be reduced").

## IV.  CONCLUSION

For the foregoing reasons, the Motion to Remand is **DENIED**.  A reasonable reading of the Complaint puts more than $5,000,000 in controversy.  The Court will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 25-02729-MWF (JCx) | Date:  July 29, 2025 |
| Title: | Antonio S Nieves v. Centerra Integrated Fleet Services, LLC | |

review the parties' joint Rule 26(f) Report and issue pretrial and trial dates by separate order.

   IT IS SO ORDERED.